# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**NICHOLE PLANTS,** *et al.*　　　　　　　　　　　　　　　　　　　　　　　　**PLAINTIFFS**

v.　　　　　　　　　　　Case No. 4:18-cv-00432-KGB

**U.S. PIZZA COMPANY, INC.**　　　　　　　　　　　　　　　　　　　　　　　**DEFENDANT**

## OPINION AND ORDER

Before the Court is a motion for partial summary judgment filed by defendant U.S. Pizza Company, Inc. ("U.S. Pizza") (Dkt. No. 28). Plaintiffs filed an unopposed motion for extension of time to file a response to U.S. Pizza's motion (Dkt. No. 31). The Court grants plaintiffs' motion and considers plaintiffs' response timely filed (Dkt. Nos. 32, 33). For the following reasons, the Court grants, in part, and denies, in part, U.S. Pizza's motion for partial summary judgment (Dkt. No. 28).

### I.　Factual Background

Plaintiffs in this action are 59 individuals who worked as servers at 10 different U.S. Pizza locations (Dkt. No. 28, ¶ 1). Plaintiffs bring this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Arkansas Minimum Wage Act ("AMWA"), Arkansas Code Annotated § 11-4-201, *et seq.* (Dkt. No. 23, ¶¶ 5-6). Plaintiffs claim that they spent more than 20% of their time performing non-tipped duties for U.S. Pizza, assert that U.S. Pizza was required to pay plaintiffs and its other servers at least minimum wage for that time, and sue for wages owed from that time (*Id.*, ¶ 3). Plaintiffs seek a declaratory judgment; monetary damages; liquidated damages; prejudgment interest; and civil penalties and costs, including reasonable attorneys' fees, within the applicable statutory limitations period as a result of U.S. Pizza's alleged failure to pay minimum wages under the FLSA and the AMWA (*Id.*, ¶ 7).

On August 12, 2016, two former U.S. Pizza employees filed a lawsuit captioned *Latcham, et al. v. U.S. Pizza, Inc.*, No. 4:16-cv-00582-BSM, on behalf of themselves and all others similarly situated claiming that U.S. Pizza: (1) operated an illegal tip pool and (2) violated the wage and hour laws related to side work under both the FLSA and the AMWA (Dkt. No. 32, ¶ 1). The named plaintiffs in *Latcham* successfully sought initial certification of a collective action under the FLSA, and 78 individuals subsequently filed consents to join the conditionally-certified collective under the FLSA, though not all of those 78 individuals had worked as servers for U.S. Pizza within the last two years (*Id.*, ¶¶ 2-3). In an Order dated June 28, 2018, United States District Judge Brian S. Miller granted collective-wide summary judgment on plaintiffs' illegal tip pool claim and found it undisputed that U.S. Pizza servers keep all tips they receive from dine-in customers (*Id.*, ¶ 4). Judge Miller also decertified the collective action as to plaintiffs' remaining side work claim, dismissing without prejudice the 78 opt-in plaintiffs and leaving for trial just the individual side work claims of the two named plaintiffs (*Id.*, ¶ 5). In decertifying the collective action, Judge Miller denied plaintiffs' request for a 60-day tolling period of the opt-in plaintiffs' statutes of limitations (*Id.*, ¶ 6). Plaintiffs assert that the requested 60-day tolling period was specifically a post-decertification tolling period intended to toll the limitations period from the time the *Latcham* case was decertified and the filing of this case (*Id.*).

On June 29, 2018, 58 former *Latcham* opt-in plaintiffs filed their original complaint in this action, refiling their side work claims against U.S. Pizza and requesting applicable tolling (Dkt. Nos. 1; 32, ¶ 11). Plaintiffs' complaint states that strict application of the statute of limitations would be inequitable, that each plaintiff brought his or her claim for unpaid minimum wages in the *Latcham* litigation by filing a consent to join that suit, and that each plaintiff's claims should be tolled as of the date he or she filed his or her consent to join the *Latcham* litigation (Dkt. Nos.

1, ¶¶ 104-106; 23, ¶¶ 108-110; 32, ¶ 11).  U.S. Pizza alleges that 27 of these plaintiffs[1] did not file timely consents in *Latcham* and provides a table listing the last day worked at U.S. Pizza, the alleged start of the two-year limitations period, and the alleged *Latcham* consent file date for those 27 employees (Dkt. No. 30, ¶ 13).  Plaintiffs deny that these 27 employees did not file timely consents in *Latcham* and maintain that they are entitled to the opportunity to produce evidence of a three-year limitations period for claims under the FLSA as well as a three-year limitations period for claims under the AMWA (Dkt. No. 32, ¶ 13).

**II.     Legal Standard**

Summary judgment is proper if there is no genuine issue of material fact for trial. *UnitedHealth Group Inc. v. Executive Risk Specialty Ins. Co.*, 870 F.3d 856, 861 (8th Cir. 2017) (citing Fed. R. Civ. P. 56).  Summary judgment is proper if the evidence, when viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue of material fact and that the defendant is entitled to entry of judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  "In ruling on a motion for summary judgment '[t]he district court must base the determination regarding the presence or absence of a material issue of factual dispute on evidence that will be admissible at trial.'" *Tuttle v. Lorillard Tobacco Co.*, 377 F.3d 917, 923 (8th Cir. 2004) (internal citations omitted).  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Johnson Regional Medical Ctr. v. Halterman*, 867 F.3d 1013, 1016 (8th Cir. 2017) (quoting *Matsushita Elec. Indus.*

---

[1] The following employees are the 27 employees at issue in U.S. Pizza's motion for partial summary judgment:  Teilia Akins, Christina Burgess-Hensley, Stephanie Carter, James Christman, Lashondra Click, Brittany Cordell, Andrea Coven, Tonya Farish, Jennifer Finnegan, Callie Gibson (formerly Hill/Kelly), Darial Greer, Leigh Hamilton (formerly Baber), Ashley Jones, Shannon Kays, Donna Lackey, Jesse May, Amanda Menden, Erin Mosley, Michael Nieto, Jack Phillips, Rebekah Scott, Brittany Searcy, Tuesday Shelnutt, Darrell Spearman, Joann Stevenson, Audrey Strack, and Lisa Yarbrough (Dkt. No. 32, ¶ 13).

*Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). A factual dispute is genuine if the evidence could cause a reasonable jury to return a verdict for either party. *Miner v. Local 373*, 513 F.3d 854, 860 (8th Cir. 2008). "The mere existence of a factual dispute is insufficient alone to bar summary judgment; rather, the dispute must be outcome determinative under the prevailing law." *Holloway v. Pigman*, 884 F.2d 365, 366 (8th Cir. 1989).

However, parties opposing a summary judgment motion may not rest merely upon the allegations in their pleadings. *Buford v. Tremayne*, 747 F.2d 445, 447 (8th Cir. 1984). The initial burden is on the moving party to demonstrate the absence of a genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323. The burden then shifts to the nonmoving party to establish that there is a genuine issue to be determined at trial. *Prudential Ins. Co. v. Hinkel*, 121 F.3d 364, 366 (8th Cir. 2008), *cert. denied*, 522 U.S. 1048 (1998). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

**III.  Motion For Partial Summary Judgment**

U.S. Pizza moves for partial summary judgment, arguing that these 27 plaintiffs' claims are untimely and should be dismissed with prejudice (Dkt. No. 28, ¶ 6). U.S. Pizza states that, during the *Latcham* case, Judge Miller ruled that for the purposes of the FLSA a two-year statute of limitations applied to the side work claims and specifically denied the plaintiffs' request for post-decertification equitable tolling of the opt-in plaintiffs' statutes of limitations for the purpose of refiling individual claims (*Id.*, ¶ 2). Accordingly, U.S. Pizza maintains that the statutes of limitations for the claims of the dismissed opt-in plaintiffs, including the 58 plaintiffs in the present action, began to run again on June 28, 2018 (*Id.*). U.S. Pizza argues that these 27 plaintiffs cannot claim equitable tolling because they filed consents to join the *Latcham* collective action more than

4

two years after they last worked as servers at a U.S. Pizza location (*Id.*, ¶ 5). U.S. Pizza argues that these plaintiffs also failed to assert any claims under the AMWA within three years of last working as a server at a U.S. Pizza location (*Id.*). Further, U.S. Pizza states that issue preclusion bars these plaintiffs from litigating the issue of equitable tolling since that issue was decided in *Latcham* (*Id.*, ¶ 4).

In response, plaintiffs argue that they are entitled to pursue their FLSA claims for a period of three years prior to the filing of their consents to join in *Latcham* (Dkt. No. 33, at 4). Plaintiffs assert that the equitable tolling that the *Latcham* court refused to apply was post-decertification tolling rather than pre-decertification tolling (*Id.*). Accordingly, plaintiffs argue that any tolling applicable to plaintiffs prior to the decertification order in *Latcham* was not disturbed by the *Latcham* ruling, meaning that plaintiffs continue to benefit from the tolling of their FLSA-based claims that occurred between the filing of their individual consents to join and the decertification order (*Id.*). Further, plaintiffs argue that they are not bound by the *Latcham* court's ruling that a two-year statute of limitations applied since these plaintiffs were dismissed from *Latcham* as opt-in plaintiffs by the time of that ruling (*Id.*, at 6). Additionally, plaintiffs argue that they continue to be entitled to pursue their state law claims pursuant to the AMWA accruing in the three years prior to the filing of *Latcham* or at least three years prior to the filing of plaintiffs' consent to join in *Latcham* (*Id.*, at 8). Plaintiffs argue that this Court should not dismiss the AMWA claims of any plaintiffs whose last day of work for U.S. Pizza falls within the three years prior to the filing of the *Latcham* case or, alternatively, within the three years prior to the filing of plaintiffs' consents to join in the *Latcham* case (*Id.*, at 9-10).

### A. Legal Standard

The FLSA provides that claims for violations be "commenced within two years after the cause of action accrued." 29 U.S.C. § 255(a). The statute of limitations is extended to three years if the FLSA violation by the employer was willful. *Id.* A cause of action is commenced when the complaint is filed or, in a collective action, when the party files a written consent to become part of the collective action. 29 U.S.C. § 256(a)-(b). For an opt-in plaintiff in a collective action, the FLSA explicitly measures the statute of limitations from the date such plaintiff joins the lawsuit, rather than the filing date of the initial complaint. 29 U.S.C. § 256(b); *see also Collins v. Barney's Barn, Inc.*, No. 4:12CV00685 SWW, 2013 WL 1668984, at *6 (E.D. Ark. Apr. 17, 2013). "The statute of limitations for a plaintiff in a collective action is tolled after the plaintiff has filed a consent to opt in to the collective action, and begins to run again if the court later decertifies the collective action." *Green v. Harbor Freight Tools USA, Inc.*, 888 F. Supp. 2d 1088, 1106 (D. Kan. 2012) (citing 29 U.S.C. § 216(b)).

### B. Statute Of Limitations Analysis

U.S. Pizza argues that the *Latcham* case confirms that a two-year statute of limitations applies to plaintiffs' side work claims (Dkt. No. 29, at 1-3). U.S. Pizza states plaintiffs' consents to join were filed more than two years after they last worked as servers for U.S. Pizza making them untimely under the applicable statute of limitations (Dkt. No. 28, ¶¶ 5-6). Plaintiffs contend that the holding in *Latcham* does not mandate that a two-year statute of limitations is applicable to plaintiffs' claims in this action because plaintiffs were not parties to the *Latcham* case when Judge Miller ruled on the issue of the applicable limitations period (Dkt. No. 33, at 1). Accordingly, plaintiffs contend that the only parties who may be dismissed at this stage of the litigation are individuals whose last employment date was more than three years prior to the filing of the

*Latcham* case (*Id.*, at 1-2). The Court agrees with U.S. Pizza that Judge Miller found a two-year statute of limitations appropriate in *Latcham*. However, Judge Miller's post-trial conclusion in *Latcham* that the two-year statute of limitations governed those claims does not bind this Court at this stage of the proceedings. These plaintiffs were not a party to *Latcham* at the time that Judge Miller made that ruling, so that ruling definitionally lacks preclusive effect as to these plaintiffs. Further, as to the merits of this point, U.S. Pizza has presented insufficient record evidence at this stage of the proceedings to demonstrate the appropriateness of the application of a two-year statute of limitations to plaintiffs' FLSA claims. As such, the Court cannot on summary judgment determine that a two-year statute of limitations definitively applies to plaintiffs' claims rather than the three-year statute of limitations that applies to willful employer violations. 29 U.S.C. § 255(a).

The default statute of limitations for FLSA claims is two years, but the statute of limitations extends to three years if the FLSA violation by the employer was willful. 29 U.S.C. § 255(a). Since both *Latcham* and the present case represent collective actions, the statute of limitations runs from the date an individual plaintiff joins the lawsuit rather than the filing date of the original underlying complaint. *See* 29 U.S.C. § 256(b); *Collins*, 2013 WL 1668984, at *6. Therefore, the Court at this stage may only dismiss those parties who filed a consent to join more than three years after their last day of work as a server at U.S. Pizza. U.S. Pizza has provided plaintiffs' responses to requests for admission, plaintiffs' consents to join for the *Latcham* case, and the dates each plaintiff filed a consent to join (Dkt. Nos. 28-2; 28-3; 30, ¶ 13; 32, ¶ 13). The Court reproduces the salient dates in the below table:[2]

---

[2] The Court notes that U.S. Pizza provided the last day worked at U.S. Pizza and the *Latcham* consent to join filing dates for the 27 at-issue plaintiffs in its statement of undisputed material facts (Dkt. No. 30, ¶ 13). Plaintiffs did not object to those dates in their responses to statement of undisputed material facts (Dkt. No. 32, ¶ 13). The Court accepts these dates as accurate unless otherwise noted.

7

| Employee Name | Last Day Worked As Server | Consent To Join Filing Date | Filed Within Three Years? |
|---|---|---|---|
| Teilia Akins | 12/27/2013 | 6/30/2017 | No |
| Christina Burgess-Hensley | 4/17/2014 | 7/7/2017 | No |
| Stephanie Carter | 11/5/2014 | 8/22/2017 | Yes |
| James Christman | 4/24/2014 | 8/9/2017 | No |
| Lashondra Click | 9/27/2014 | 6/28/2017 | Yes |
| Brittany Cordell | 10/30/2014 | 6/28/2017 | Yes |
| Andrea Coven | 8/10/2014 | 6/30/2017 | Yes |
| Tonya Farish | 11/15/2013 | 6/28/2017 | No |
| Jennifer Finnegan | 1/25/2015 | 8/9/2017 | Yes |
| Callie Gibson | 11/27/2013 | 6/28/2017 | No |
| Darial Greer | 12/27/2013 | 6/30/2017 | No |
| Leigh Hamilton | 4/12/2014[3] | 6/28/2017 | No |
| Ashley Jones | 11/6/2014 | 6/28/2017 | Yes |
| Shannon Kays | 2/3/2015 | 8/4/2017 | Yes |
| Donna Lackey | 5/2/2015 | 9/18/2017 | Yes |
| Jesse May | 1/15/2014 | 6/28/2017 | No |
| Amanda Menden | 6/5/2014 | 9/15/2017 | No |
| Erin Mosley | 8/26/2014 | 7/13/2017 | Yes |
| Michael Nieto | 11/15/2014 | 7/17/2017 | Yes |
| Jack Phillips | 5/25/2014 | 7/3/2017 | No |
| Rebekah Scott | 1/16/2015 | 6/30/2017 | Yes |
| Brittany Searcy | 9/15/2014 | 7/14/2017 | Yes |
| Tuesday Shelnutt | 3/18/2014 | 7/24/2017 | No |
| Darrell Spearman | 6/12/2015[4] | 8/4/2017 | Yes |
| Joann Stevenson | 3/18/2015 | 6/28/2017 | Yes |
| Audrey Strack | 7/14/2014 | 7/7/2017 | Yes |
| Lisa Yarbrough | 1/28/2015 | 8/10/2017 | Yes |

---

[3] Though Ms. Hamilton's last day worked at U.S. Pizza was August 31, 2014, Ms. Hamilton admits that her last day worked as a server at U.S. Pizza was April 12, 2014 (Dkt. No. 28-2, at 23).

[4] Though Mr. Spearman's last day worked at U.S. Pizza was July 8, 2015, Mr. Spearman admits that his last day worked as a server at U.S. Pizza was June 12, 2015 (Dkt. No. 28-2, at 49).

Based on the Court's review, the Court concludes that 16 of the 27 plaintiffs worked as a server at U.S. Pizza within three years prior to filing a consent to join in *Latcham*. Those 16 plaintiffs are: Stephanie Carter, Lashondra Click, Brittany Cordell, Andrea Coven, Jennifer Finnegan, Ashley Jones, Shannon Kays, Donna Lackey, Erin Mosley, Michael Nieto, Rebekah Scott, Brittany Searcy, Darrell Spearman, Joann Stevenson, Audrey Strack, and Lisa Yarbrough. Based on undisputed record evidence, the remaining 11 plaintiffs' FLSA claims would be time-barred under either the two-year statute of limitations or the three-year statute of limitations, and the Court can appropriately dismiss those plaintiffs from this action. Those 11 plaintiffs are: Teilia Akins, Christina Burgess-Hensley, James Christman, Tonya Farish, Callie Gibson, Darial Greer, Leigh Hamilton, Jesse May, Amanda Menden, Jack Phillips, and Tuesday Shelnutt.

Accordingly, the Court grants U.S. Pizza's motion for partial summary judgment as it relates to these 11 plaintiffs whose FLSA claims, based on undisputed record evidence, would be time-barred under either a two-year or three-year statute of limitations. Because the Court is unable to conclude based on the record evidence and the parties' filings that a two-year statute of limitations should apply to all claims in this action, the Court denies U.S. Pizza's motion for partial summary judgment insofar as U.S. Pizza contends that the remaining 16 plaintiffs did not timely file their consents to join in *Latcham*.

    **C.    Tolling Analysis**

U.S. Pizza also claims that the issue of equitable tolling has already been decided in *Latcham* and that the Court may not rule on this issue due to issue preclusion (Dkt. No. 28, ¶ 4). Plaintiffs confirm that Judge Miller found equitable tolling inappropriate in *Latcham*, but plaintiffs contend that their FLSA claims are instead entitled to statutory tolling from the filing of their consents to join in *Latcham* through the filing of the original complaint in this action (Dkt. No. 33,

at 4-5). Further, plaintiffs argue that they their AMWA claims were tolled by the filing of the original complaint in the *Latcham* case and that they remain entitled to pursue their state law AMWA claims accruing in the three years prior to that filing (Dkt. No. 33, at 8). In other words, plaintiffs argue that the statute of limitations for their AMWA claims tolled upon the filing of the original complaint in *Latcham* rather than upon each plaintiffs' filing of an individual consent to join (*Id.*). Under this construction, each plaintiff who worked for U.S. Pizza within three years of the filing of the complaint in *Latcham* would have a timely AMWA claim against U.S. Pizza for purposes of this partial motion for summary judgment. The original complaint in *Latcham* was filed on August 12, 2016, meaning that all 27 plaintiffs would be able to pursue their AMWA claims in a timely fashion.[5]

Per 29 U.S.C. § 216(b), each plaintiff's individual statute of limitations for the FLSA claims tolled upon the filing of a consent to join. Plaintiffs in this action appear to have filed their consents to join the collective action as early as June 28, 2017, and as late as September 15, 2017 (Dkt. No. 32, ¶ 13). Thus, plaintiffs' individual statutes of limitations for their FLSA claims were tolled from the filing of their individual consents to join until the issuance of Judge Miller's decertification Order on June 28, 2019. However, those statutes of limitations for their FLSA claims were tolled again by the filing of the original complaint in this action on June 29, 2019. Accordingly, those statutes of limitations for their FLSA claims remain tolled during the pendency of this litigation.

---

[5] As demonstrated in the table included in this Opinion and Order, the earliest last day worked as a server among the plaintiffs was Ms. Farish's final day of November 15, 2013 (Dkt. No. 30, ¶ 13). This earliest date occurred within three years of the filing of the original complaint in *Latcham*, so all other plaintiffs' final days worked at U.S. Pizza occurred within three years of the *Latcham* complaint's filing, as well.

The Court does not see how Judge Miller's finding inappropriate post-certification equitable tolling regarding the side work claims binds this Court at this stage of the proceedings. In fact, Judge Miller's equitable tolling ruling has no bearing on this motion. This case does not provide an example of plaintiffs seeking post-decertification tolling prior to re-filing their claims or filing a new action. *See, e.g.*, *Scott v. Chipotle Mexican Grill, Inc.*, No. 12-CV-8333 (ALC)(SN), 2017 WL 1434498 (S.D.N.Y. Apr. 19, 2017); *Green*, 888 F. Supp. 2d at 1104; *Eppenscheid v. DirectSat USA, LLC*, No. 09-cv-625-bbc, 2011 WL 13209268 (W.D. Wis. July 7, 2011). Plaintiffs do not seek equitable tolling in this action, and they state that they "have no need for the post-decertification [equitable] tolling denied by the *Latcham* court because no time was lost between [p]laintiffs' dismissal from the *Latcham* case and [this case's] filing" (Dkt. No. 33, at 5). Instead, plaintiffs seek the statutory tolling the FLSA provides (*Id.*). *See* 29 U.S.C. § 216(b). The statutory period was tolled from the date that each plaintiff filed his or her individual consent to join until Judge Miller's June 28, 2018, Order granted decertification. *See Latcham*, No. 4:16-cv-00582-BSM, Dkt. No. 84. Upon decertification, the statute of limitations began to run again. *See Green*, 888 F. Supp. 2d at 1105 ("The statute of limitations for a plaintiff in a collective action is tolled after the plaintiff has filed a consent to opt in to the collective action, and begins to run again if the court later decertifies the collective action." (citing 29 U.S.C. § 216(b)). It is true that "[t]here is no language in the FLSA that provides for tolling the claims of former opt-in plaintiffs following the decertification of a collective action." *Id.* at 1105-06. However, plaintiffs filed their original complaint in this action the next day on June 29, 2018 (Dkt. No. 1). Because only one day elapsed between Judge Miller's Order and the initiation of this action, each of the remaining 16 plaintiffs brought suit within the applicable statutory period. Therefore, the Court cannot conclude that U.S. Pizza has demonstrated that the remaining 16 plaintiffs' claims are untimely.

Additionally, the Court does not see how plaintiffs' AWMA claims would be tolled by the filing of the complaint in *Latcham* rather than each plaintiffs' individual filing of a consent to join (Dkt. No. 33, at 8). In effect, plaintiffs argue that the original complaint in *Latcham* tolled the statute of limitations since the original complaint asserted a Federal Rule of Civil Procedure 23 class for purposes of pursuing AMWA claims (*Id.*). The Supreme Court has held that "the statute of limitations [is tolled] during the pendency of a putative [Rule 23] class action, allowing unnamed class members to joint the action individually or file individual claims if the class fails." *China Agritech, Inc. v. Resh*, 138 S. Ct. 1800, 1804 (2018) (citing *Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538 (1974)). This tolling begins "when a [Rule 23] class action is commenced." *Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345, 352 (1983). "Once the statute of limitations has been tolled, it remains tolled for all members of the putative class until class certification is denied." *Id.* at 354.

However, plaintiffs misrepresent *Latcham* by claiming that the *Latcham* plaintiffs filed a Rule 23 class action (Dkt. No. 33, at 8-10). For purposes of their federal claims, the *Latcham* plaintiffs moved to certify the class pursuant to the FLSA instead of Rule 23 and pursued their claims as an FLSA collective action (Dkt. No. 35, ¶ 12). *See Latcham*, No. 4:16-cv-00582-BSM, Dkt. No. 10. "Rule 23 [class] actions are fundamentally different from collective actions under the FLSA," and the Court does not find that the rule tolling the statute of limitations for Rule 23 class actions applies equally to FLSA collective actions. *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 74 (2013) (citation omitted). "Under Rule 23, each person within the description of the class in a class action is considered a class member and the judgment binds each class member unless he or she has 'opted out' of the suit." *Fair v. Commc'ns Unlimited, Inc.*, No. 4:17CV02391, 2019 WL 4695942, at *3 (E.D. Mo. Sept. 26, 2019) (citation omitted). Under the FLSA, "a person

12

cannot become a party plaintiff and a judgment does not bind the individual unless he or she has 'opted into' the class by filing written consent." *Id.* (citation omitted). "Consequently, the complaint-tolling rule of Rule 23 class actions does not apply in FLSA actions." *Id.* (citing *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1106 (11th Cir. 1996)). Additionally, Judge Miller "did not certify the action as a class action within the contemplation of [Rule 23]," and "[w]ithout such certification and identification of the class, the action is not properly a class action." *Baxter v. Palmigiano*, 425 U.S. 308, 310 n.1 (1976) (citing *Indianapolis Sch. Comm'rs v. Jacobs*, 420 U.S. 128 (1975)). In short, plaintiffs are not entitled to the benefit of Rule 23's tolling provisions for their federal claims because they filed an FLSA collective action against U.S. Pizza. *Latcham* was "not properly a class action," and plaintiffs' federal FLSA claims are properly tolled from the date plaintiffs filed their respective consents to join rather than from the date of the original complaint's filing in *Latcham*.

Further, even if these 11 plaintiffs' AWMA claims were timely filed under Arkansas law, the Court has already found that their federal claims are time-barred. Accordingly, the Court would decline to exercise supplemental jurisdiction over these plaintiffs' state law claims since they have no remaining federal claims in this action. *See* 28 U.S.C. § 1367.

**IV.    Conclusion**

For the above reasons, the Court grants, in part, and denies, in part, U.S. Pizza's motion for partial summary judgment (Dkt. No. 28). The Court grants U.S. Pizza's motion for partial summary judgment against the following 11 plaintiffs: Teilia Akins, Christina Burgess-Hensley, James Christman, Tonya Farish, Callie Gibson, Darial Greer, Leigh Hamilton, Jesse May, Amanda Menden, Jack Phillips, and Tuesday Shelnutt. The Court dismisses from this action these 11 plaintiffs, dismisses with prejudice their FLSA claims asserted in this action, dismisses without

prejudice their AMWA claims asserted in this action, and denies the relief they requested (Dkt. No. 23). The Court denies U.S. Pizza's motion for partial summary judgment against the following 16 plaintiffs: Stephanie Carter, Lashondra Click, Brittany Cordell, Andrea Coven, Jennifer Finnegan, Ashley Jones, Shannon Kays, Donna Lackey, Erin Mosley, Michael Nieto, Rebekah Scott, Brittany Searcy, Darrell Spearman, Joann Stevenson, Audrey Strack, and Lisa Yarbrough. These 16 plaintiffs may proceed with their claims (*Id.*).

It is so ordered this 3rd day of January, 2020.

_____
Kristine G. Baker
United States District Judge